UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

WILLIE C. DAVIS,

        Plaintiff,

    v.

WASHINGTON STATE DEPARTMENT OF CORRECTIONS and "JOHN DOE" CORRECTIONAL OFFICER,

        Defendants.

CASE NO. C16-5146 RBL-JRC

ORDER ON PLAINTIFF'S MOTION FOR EXTENSION

    This 42 U.S.C. § 1983 civil rights matter has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and Local Rules MJR 1, MJR 3, and MJR 4. This matter is before the Court on plaintiff's motion for extension. Dkt. 13.

    Defendant Washington Department of Corrections ("DOC") has filed a motion for summary judgment. Although filed late, plaintiff already has filed his response and declaration in response to defendant DOC's motion for summary judgment along with his request for an unspecified extension. *See* Dkts. 13, 14, 15.

1       The Court grants plaintiff's motion for an extension to respond to defendant's motion for

2  summary judgment, but only to the extent that the Court will consider his Response and

3  Declaration, and will consider them timely filed.

4       However, in the interests of justice, and liberally construing plaintiff's motion, plaintiff's

5  motion for an extension to complete discovery is granted to the extent that the parties are given a

6  month extension in which to complete discovery. In a separate Order, plaintiff will be directed to

7  provide the name and address for "John Doe" defendant, as this defendant has not yet been

8  served.

9                              **BACKGROUND**

10      Plaintiff filed his complaint in Thurston County Superior Court on December 23, 2015.

11 Timely removal to federal district court followed on February 24, 2016.  Dkt. 2.  Defendant DOC

12 filed a motion for summary judgment on June 17, 2016.  Dkt. 11.  Plaintiff seeks an unspecified

13 extension to prepare his declaration and brief in opposition to defendant DOC's motion for

14 summary judgment.  Dkt. 13. Plaintiff explains that he is incarcerated and unable to timely e-file

15 at the prison facility law library. *Id.* at 1. Defendant DOC responded in opposition.  Dkt. 16.

16      Defendant DOC argues that plaintiff's motion to extend time should be denied. *Id.* at 3.

17 Defendant DOC argues that plaintiff filed his complaint on December 23, 2015, more than six

18 months ago, and has pursued no discovery in an attempt to identify the "John Doe" defendant

19 listed as a party in the Complaint despite the fact that the discovery cut off is less than a week

20 away. *Id.*

21      Defendant DOC also contends that plaintiff fails to describe in his declaration filed in

22 support of his motion for extension what information he intends to learn during the course of his

23 proposed discovery and how such information can defeat defendant DOC's motion for summary

24

ORDER ON PLAINTIFF'S MOTION FOR
EXTENSION - 2

1  judgment. *Id*. As such, his request does not comply with Fed. R. Civ. P. 56 (d). Finally

2  defendant argues that the only named defendant in the Complaint is the DOC.  And even though

3  plaintiff references a "John Doe" corrections officer in paragraph 3.3, defendant DOC argues

4  that plaintiff does not name such person and does not make claims against any other defendants

5  besides the DOC.  *Id*.  Defendant DOC argues that the sole claim set forth in the complaint is a

6  violation of the United States Constitution, which plaintiff alleges give rise to damages under 42

7  U.S.C. § 1983.

8  **DISCUSSION**

9       Liability may only arise under 42 U.S.C. § 1983 against "persons." *Arnold v. Int'l Bus.*

10 *Machines Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981). It is well established that the Department

11 of Corrections is not a "person" for purposes of imposing liability for constitutional violations

12 under 42 U.S.C. § 1983. *Maldonado v. Harris*, 370 F.3d 945, 951 (9th Cir. 2004).

13      Defendant contends that plaintiff's motion for an extension should be denied because

14 plaintiff's complaint alleges one claim against one named defendant, DOC, who is not a proper

15 party and plaintiff has not demonstrated what additional information he is seeking or how such

16 additional information will aide him in his response to the motion for summary judgment. *Id*.

17      The Court finds defendant DOC's argument somewhat persuasive, but the Court still, in

18 the interest of justice, grants plaintiff's motion for an extension to respond to the motion, but

19 only to the extent that the Court will consider his Response and Declaration, and will consider

20 them timely filed.

21      Regarding defendant's argument that plaintiff only names DOC as a defendant, however,

22 the Court does not find this argument persuasive. Plaintiff's complaint does name a "John Doe"

23 defendant as a party, and alleges that "John Doe" corrections officer personally refused to loosen

24

plaintiff's ankle cuff restraints when plaintiff informed him that they were causing plaintiff "excruciating pain" and "serious and permanent injury." Dkt. 1, ¶ 3.3, 4.1-4.7. Plaintiff contends that he "could no longer walk after[wards] without the aid of a wheelchair . . . ." *Id.* at ¶ 4.5. In his "Claims for Relief," plaintiff argues that plaintiff has suffered the use of excessive physical force and cruel and unusual punishment. *Id.* at ¶¶ 5.1-5.2.

Plaintiff clearly is seeking an extension and indicated in his complaint and in his declaration that DOC is not the only defendant. Dkt. 15, ¶ 2. But, plaintiff seeks to amend his complaint in his declaration and yet has not filed a motion to amend. *Id.* Plaintiff does not need to amend his complaint if all he seeks is to provide a complete name for "John Doe". Plaintiff may simply file a motion to substitute the named party for "John Doe," once the identity of "John Doe" is known.

Unfortunately, it appears that plaintiff currently only has until August 3, 2016 to serve interrogatories or any other discovery requests on defendants in order for defendants to respond before the discovery cutoff on September 2, 2016. *See* Pre Trial Scheduling Order, Dkt. 10, p. 1; Fed. R. Civ. P. 33(a). This is not sufficient time to prepare the necessary interrogatory or discovery requests. Therefore, once again, in the interests of justice, the Court will grant plaintiff a brief extension of the discovery deadline so that if he needs to serve additional discovery to determine the correct name for "John Doe", he will have sufficient time to do so.

In civil rights cases, where the plaintiff is pro se, the district court has an obligation to construe the pleadings liberally and to afford the plaintiff any benefit of the doubt. *Bretz v. Kelman*, 773 F.2d 1026, 1027 n. 1 (9th Cir.1985) (en banc) (citing *Jones v. Community Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984)).

1  Despite a plaintiff's *in forma pauperis* status, he must supply the information necessary
2  to identify the defendants to be served. *See Walker v. Sumner*, 14 F.3d 1415 (9th Cir. 1994).
3  Generally, discovery should only take place after a defendant has been served, however, courts
4  may allow limited discovery after filing of a complaint to permit plaintiff to learn identifying
5  facts necessary to permit service on a defendant. *Columbia Ins. Co. v. seescandy.com*, 185
6  F.R.D. 573, 577 (N.D. Cal. 1999) (citing *Gillespie v. Civiletti,* 692 F.2d 637, 642 (9th Cir. 1980)
7  (finding that the district court abused its discretion in dismissing the case with respect to the John
8  Doe defendants without requiring the named defendants to answer interrogatories seeking the
9  names and addresses of the supervisors in charge of the relevant facilities during the relevant
10 time period)). Plaintiff's motion for more time for discovery will be granted for one month, in
11 order to provide plaintiff the opportunity to discover the name and address of "John Doe"
12 defendant.
13    The Court notes that plaintiff is not prohibited from promulgating a discovery request
14 upon defendant DOC, who is a named defendant and has been served in this matter, requesting
15 the address and identity of defendant "John Doe". *See Columbia Ins. Co.*, 185 F.R.D. at 577. If
16 plaintiff chooses to serve defendant DOC with such an interrogatory, plaintiff may wish to
17 provide any identifying information in his knowledge of "John Doe" defendant, such as the date
18 and location of the event, and general characteristics of "John Doe" defendant, such as gender,
19 race, ethnicity, hair color, body type, title, etc. Regardless of the pending motion for summary
20 judgment, DOC should answer any interrogatory that is properly and timely served regarding the
21 identity of "John Doe".
22 //
23 //
24

## CONCLUSION

In the interest of justice, the Court grants plaintiff's motion for an extension to respond to the motion for summary judgment, but only to the extent that the Court will consider his Response and Declaration, and will consider them timely filed.

However, liberally construing plaintiff's motion, and in the interests of justice, the Court construes plaintiff's motion of extension as a motion for extension to complete discovery and a motion for extension to serve "John Doe" defendant. In a separate Order from this Court, plaintiff will be directed to provide the name and address for "John Doe" defendant by October 14, 2016, as this defendant has not yet been served.

Therefore, **it is hereby ORDERED that**:

(1) Plaintiff's motion for an extension to respond to the motion for summary judgment is granted, but only to the extent that the Court will consider his Response and Declaration, and will consider them timely filed.

(2) Regarding plaintiff's motion for an extension in which to complete discovery and to identify defendant "John Doe", this motion is **GRANTED**. The parties have an additional month of discovery, and discovery shall be completed by October 1, 2016. **Plaintiff is advised that he must therefore serve any discovery request, such as a request on defendant DOC seeking the name and address of defendant "John Doe," by August 30, 2016 in order for DOC to respond before the new discovery cutoff date.**

(3) The Clerk's office is directed to add "John Doe" as a defendant on the docket for this case.

1    (4) The Clerk's office also is directed to re-note DOC's motion for summary judgment to

2    October 1, 2016.

3    Dated this 29th day of July, 2016.

*[signature]*

J. Richard Creatura
United States Magistrate Judge