UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| WILLIE C DAVIS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>PETER GREEN, JAMES HARVEY, ERIC SMITH,<br><br>　　　　　Defendants. | CASE NO. 3:16-CV-05146-RBL-JRC<br><br>ORDER DIRECTING SERVICE OF FIRST AMENDED CIVIL RIGHTS COMPLAINT |

This is a civil rights action brought pursuant to 42 U.S.C. § 1983. Plaintiff is proceeding with this action *pro se* and *in forma pauperis*. Plaintiff is currently incarcerated at the **Stafford Creek Corrections Center** and is subject to Mandatory Electronic E-Filing pursuant to General Orders 02-15 and 06-16. The Court, having reviewed plaintiff's first amended complaint (Dkt. 21), hereby **ORDERS** as follows:

(1)　Service by Clerk

The Clerk is directed to send the following to the named defendants by email: a copy of plaintiff's first amended complaint (Dkt. 21), a copy of this Order, two copies of the notice of lawsuit and request for waiver of service of summons, and a waiver of service of summons. If service is by first class mail, a return envelope, postage prepaid, addressed to the Clerk's Office shall also be sent.

1         (2)     Response Required

2         Defendant(s) shall have **thirty (30) days** within which to return the enclosed waiver of

3   service of summons.  A defendant who timely returns the signed waiver shall have **sixty (60)**

4   **days** after the date designated on the notice of lawsuit to file and serve an answer to the

5   complaint or a motion permitted under Rule 12 of the Federal Rules of Civil Procedure.

6         A defendant who fails to timely return the signed waiver will be personally served with a

7   summons and complaint, and may be required to pay the full costs of such service, pursuant to

8   Rule 4(d)(2) of the Federal Rules of Civil Procedure.  A defendant who has been personally

9   served shall file an answer or motion permitted under Rule 12 within **thirty (30) days** after

10  service.

11        (3)     Filing and Service by Parties, Generally

12        All attorneys admitted to practice before this Court are required to file documents

13  electronically via the Court's CM/ECF system.  Counsel are directed to the Court's website,

14  www.wawd.uscourts.gov, for a detailed description of the requirements for filing via CM/ECF.

15  Plaintiff shall file all documents electronically.  All filings must indicate in the upper right hand

16  corner the name of the magistrate judge to whom the document is directed.

17        Any document filed with the Court must be accompanied by proof that it has been served

18  upon all parties that have entered a notice of appearance in the underlying matter.  Plaintiffs shall

19  indicate the date the document is submitted for e-filing as the date of service.

20        (4)     Non-State Defendants

21        As a registered user of the Court's electronic filing system, you must accept electronic

22  service of all court filings (**except** original service of a complaint) by prisoner litigants housed at

23  the Washington State Penitentiary (WSP), Stafford Creek Corrections Center (SCCC), Coyote

24

Ridge Corrections Center (CRCC), or Monroe Correctional Complex (MCC) who are subject to Mandatory Electronic E-Filing. WSP, SCCC, CRCC, and MCC prisoner litigants are no longer required to serve their court filings on the Court or defendants by mail. Service by mail of your court filings to WSP, SCCC, and CRCC prisoner litigants is also no longer required.

(5)     Motions, Generally

Any request for court action shall be set forth in a motion, properly filed and served. Pursuant to LCR 7(b), any argument being offered in support of a motion shall be submitted as a part of the motion itself and not in a separate document. The motion shall include in its caption (immediately below the title of the motion) a designation of the date the motion is to be noted for consideration upon the Court's motion calendar.

Stipulated and agreed motions, motions to file over-length motions or briefs, motions for reconsideration, joint submissions pursuant to the option procedure established in LCR 37(a)(2), motions for default, requests for the clerk to enter default judgment, and motions for the court to enter default judgment where the opposing party has not appeared shall be noted for consideration on the day they are filed. *See* LCR 7(d)(1). All other non-dispositive motions shall be noted for consideration no earlier than the third Friday following filing and service of the motion. *See* LCR 7(d)(3). All dispositive motions shall be noted for consideration no earlier than the fourth Friday following filing and service of the motion. *Id*.

For electronic filers, all briefs and affidavits in opposition to either a dispositive or non-dispositive motion shall be filed and served not later than 11:59 p.m. on the Monday immediately preceding the date designated for consideration of the motion.

1  The party making the motion may electronically file and serve not later than 11:59 p.m.
2  on the date designated for consideration of the motion, a reply to the opposing party's briefs and
3  affidavits.

4  (6) <u>Motions to Dismiss and Motions for Summary Judgment</u>

5  Parties filing motions to dismiss pursuant to Rule 12 of the Federal Rules of Civil
6  Procedure and motions for summary judgment pursuant to Rule 56 of the Federal Rules of Civil
7  Procedure should acquaint themselves with those rules.  As noted above, these motions shall be
8  noted for consideration no earlier than the fourth Friday following filing and service of the
9  motion.

10  Defendants filing motions to dismiss based on a failure to exhaust or motions for
11  summary judgement are advised that they MUST serve a *Rand* notice concurrently with motions
12  to dismiss based on a failure to exhaust and motions for summary judgment so that *pro se*
13  prisoner plaintiffs will have fair, timely and adequate notice of what is required of them in order
14  to oppose those motions.  *Woods v. Carey*, 684 F.3d 934, 941 (9th Cir. 2012).  The Ninth Circuit
15  has set forth model language for such notices:

> A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact – that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, **you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial.  If you do not submit your own**

1  **evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will**
2  **be dismissed and there will be no trial.**

3  *Rand v. Rowland*, 154 F.3d 952, 963 (9th Cir. 1998) (emphasis added).

4  Defendants who fail to file and serve the required *Rand* notice on plaintiff may have their
5  motion stricken from the Court's calendar with leave to re-file.

6  (7)   Direct Communications with District Judge or Magistrate Judge

7  No direct communication is to take place with the District Judge or Magistrate Judge with
8  regard to this case. All relevant information and papers are to be directed to the Clerk.

9  (8)   The Clerk is directed to send copies of this Order to plaintiff. The Clerk is further
10 directed send a copy of this Order and a courtesy copy of plaintiff's complaint to **Washington**
11 **State Attorney General's Office** by email.

12 Dated this 24th day of October, 2016.

J. Richard Creatura
United States Magistrate Judge